Jeanette E. McPherson, Esq., NV Bar No. 5423
Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

*Attorneys for Shelley D. Krohn, Trustee*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>D.W. Doc Wiener,<br><br>Debtors. | Case No. BK-S-12-20337-BAM<br><br>Chapter 7<br><br>**OPPOSITION TO MOTION FOR RELIEF, ANNULMENT, TERMINATION, AND MODIFICATION OF THE AUTOMATIC STAY**<br><br>DATE: June 28, 2013<br>TIME: 9:00 a.m. |

Shelley D. Krohn, Chapter 7 Trustee (the "Trustee"), by and through her counsel, Jeanette E. McPherson, Esq. of Schwartzer & McPherson Law Firm, hereby files this Opposition to Motion For Relief, Annulment, Termination, And Modification Of The Automatic Stay ("Opposition") pursuant to 11 U.S.C. § 541, § 362(d), the Points and Authorities set forth herein, the pleadings on file and any oral arguments of counsel the Court may entertain at the hearing on the matter.

As set forth herein, the Trustee does not oppose the Motion to the extent that the parties' Divorce Decree comes within the exception of the stay provisions under § 362(b)(2)(A). However, the trustee opposes the Motion to the extent it requests that the parties' Divorce Decree is excepted from the automatic stay as a "ministerial" act, to the extent it requests that the stay be retroactively annulled, and to the extent it seeks to have a determination that the Divorce Decree, as it seeks to determine the division of property that is property of the estate, is not void.

/ / /

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**POINTS AND AUTHORITIES**

**Facts**

1. D.W. Doc Wiener (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on September 6, 2012.

2. Shelley D. Krohn, Trustee is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy case ("Trustee").

3. The Debtor owns various interests in limited liability companies. Of particular value and interest is an interest held in DO-KR LLC ("DO-KR"). DO-KR is a Nevada limited liability company. According to a 2011 tax return, the Debtor held 99% of DO-KR, and Ms. Graves held 1% of DO-KR. DO-KR holds an approximate 35.925% interest in Don't Eat the Worm, LLC ("DETW"), which holds 55% of the membership interest in Buenos Noches, LLC. Buenos Noches, LLC operates the Cabo Wabo Cantina located in Las Vegas, Nevada.

4. The Trustee has received inquiries from several parties interested in purchasing the Debtor's interest in DO-KR. In fact, the Trustee has received an offer to purchase this interest for $50,000.00.

5. On or about February 4, 2013, the Graves Family trust filed a proof of claim alleging a secured claim in the amount of $4,695,300.00. Ms. Graves and her family have worked together in attempting to establish that the Madison B. Graves II and Susan M. Graves Family Trust (the "Graves Family Trust") has a perfected security interest in the DO-KR interest. However, Ms. Graves and the Graves Family Trust only recently located a UCC Financing Statement (not attached to the proof of claim). This UCC Financing Statement indicates that it was recorded within 90 days of the Debtor's bankruptcy petition. Thus, the recordation of this UCC constitutes a preference under 11 U.S.C. § 547. The Trustee has not yet objected to this claim as she was only recently provided with a copy of the UCC, and in addition, objecting to the Graves Family Trust's claim may not be an effort that would be beneficial to the estate due to the lack of assets available for distribution to general unsecured creditors in this case.

6. On September 14, 2012, the District Court, Clark County, Nevada entered a Decree Of Divorce ("Divorce Decree"). The Divorce Decree dissolved the marriage of the Debtor and

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Graves, and among other things, approved the parties' agreement regarding property division, including addressing the interest in DO-KR. The Divorce Decree provides in relevant part as follows:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff and Defendant shall each be awarded 49.5% of DO-KR, LLC, and shall each pay and be responsible for 50% of any liabilities associated therewith. The parties acknowledge that they are equally liable for the note to the Susan B. Graves and Madison Graves Family Trust, with each bearing 50% responsibility for the same, unless Defendant and Susan Graves complete their buy sell agreement. The remaining 1% of DO-KR, LLC is awarded to Madison Wiener, the parties' minor child.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties 35.925% interest in the Don't Eat The Worm, LLC shall be equally divided between the parties giving both Plaintiff and Defendant a 17.9625% interest in Don't Eat the Worm, LLC. Plaintiff and Defendant shall each pay and be responsible for 50% of any liabilities associated therewith, including, but not limited to, the following:
>
> 1. September 15, 2009 Promissory Note from DW "Doc" Wiener to Madison B. Graves II and Susan M. Graves, Trustees of the Madison B. Graves and Susan M. Graves Family Trust in the sum of $4,695,300.00 (which may have previously been several notes now combined into one note.)
> 2. June 25, 2009 Promissory Note from Buenos Noches, LLC to Boulevard Invest, LLC in the sum of $2,033,119.13;
> 3. June 20, 2009 Promissory Note form Don't Eat the Worm, LLC to Madison B. Graves II and Susan M. Graves, Trustees of the Madison B. Graves and Susan M. Graves Family Trust in the sum of $7,050,000;
> 4. Any obligations referenced in the Security Agreement dated September 30, 2009;
> 5. Any obligations referenced in the Continuing Loan Guaranty agreement dated March 3, 2009;
>
> Each party is responsible for payment of one-half of the obligations set forth hereinabove, and shall contribute 50% towards that obligation, and/or indemnify and hold harmless the other party, as the facts warrant, for one-half of each party's obligation. The prevailing party shall be entitled to reasonable attorney's fees and costs. A fractional interest in Don't Eat the Worm, LLC is awarded to Madison Wiener, the parties' minor child.

See Divorce Decree attached as Exhibit 1 to the Motion.[1] Thus, the interest in DO-KR was sought to be divided between the Debtor, Ms. Graves, and their child.

---

[1] In the divorce proceedings, the Debtor argued that the interest in DO-KR was his separate property, while Ms. Graves asserted that this interest was community property. The parties apparently settled this dispute and agreed that this property would be split as set forth in the Divorce Decree.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

MEMORANDUM OF LAW

**I. Under 11 U.S.C. § 541(a) The Debtor's Bankruptcy Estate Is Comprised Of All Property, Including Community Property**

The commencement of a bankruptcy case creates an estate. 11 U.S.C. § 541(a). Section 541(a) sets forth what constitutes property of a debtor's estate and provides, in relevant part, as follows:

> Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is -
> (A) under the sole, equal, or joint management and control of the debtor; or
> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

11 U.S.C. § 541. Thus, under § 541(a), as of the filing of a bankruptcy petition, all of the debtor's interests in property, including community property, become property of the bankruptcy estate.

> While this provision defines what interests of the debtor must be transferred to the bankruptcy estate, it does not address "the threshold questions of the existence and scope of the debtor's interest in a given asset." *State of California v. Farmers Markets, Inc. (In re Farmers Markets, Inc.)*, 792 F.2d 1400, 1402 (9th Cir.1986). Rather, bankruptcy courts are required to look to state property law . . . to determine the property which is to be included in the bankruptcy estate. *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Dumas v. Mantle (In re Mantle), 153 F.3d 1082, 1084 (9th Cir. 1998).

"Nevada is a community property state, which means that Nevada law presumes that all property not acquired by gift, bequest, or devise belongs to the 'community' created when two people marry." In re Field, 440 B.R. 191, 192 (Bankr. D.Nev. 2009)(footnote omitted; citation omitted). See also NRS 123.220. "Thus, absent an exception, under the terms of Nevada's community property scheme, each spouse acquires an ultimate one-half residual ownership interest in all property acquired during the term of a marriage, regardless of whether the property is acquired by husband, wife, or both." Field, 440 B.R. at 194-95. Property that is separate at the

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

time of marriage, however, retains its character as being separate throughout the marriage. NRS 123.130.

"It is fundamental that most rights are to be determined and evaluated as of the date of the filing of the case." In re Hegel, 2000 WL 33712298 (Bankr. D.Idaho April 11, 2000)(citing Leppaluoto v. Combs (In re Combs), 101 B.R. 609, 614 (9th Cir. BAP1989)). "For purposes of § 541(a)(2), all community property not yet divided by a state court at the time of the bankruptcy filing is property of the bankruptcy estate." In re Mantle, 153 F.3d at 1084. In Mantle, the Ninth Circuit held:

> Because, in the present case, there is no evidence that the superior court adjudicating the Mantles' divorce had entered any order dividing their property, the proceeds from the sale of the community property house remained community property, and therefore should have been considered property of the bankruptcy estate. The present case can thus be distinguished from *Keller v. Keller (In re Keller)*, 185 B.R. 796 (B.A.P. 9th Cir.1995), wherein the bankruptcy petition was filed *after* a final divorce judgment had been entered by the Superior Court for Orange County, California.

Id. at 1085 (emphasis in original). See also Birdsell v. Petersen (In re Petersen), 437 B.R. 858, 866 (Bankr. D.Ariz. 2010). It is the divorce decree that is the "decision adjudicating the parties' rights and liabilities. The date of the divorce decree also determines the accrual and termination of community property." McClintock v. McClintock, 122 Nev. 842, 845 (Nev. 2006) ("[a]lthough the divorce petition in the Tolas case was uncontested and jointly filed, the divorce decree is nevertheless a decision adjudicating the parties' rights and liabilities. The date of the divorce decree also determines the accrual and termination of community property."). See also Adams v. Adams, 85 Nev. 50, 52 (Nev. 1969).

In this case, because the Divorce Decree had not been entered as of the Debtor's bankruptcy petition date dissolving the marriage and dividing property, all property of the Debtor, including community property of Ms. Graves, is part of the Debtor's bankruptcy estate.

## II. The Divorce Decree Is Void And Is Not A "Ministerial" Act That Is Excepted From The Automatic Stay

Ms. Graves concedes that the Divorce Decree was entered postpetition, on September 14, 2012, and as such, that it is void. Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

(9th Cir.1992). However, Ms. Graves seeks to have the Divorce Decree deemed to be a "ministerial act" that is excepted from violating the automatic stay. Ms. Graves argues that the parties had agreed, prepetition, to various components of their divorce, such as division of property, in advance of the Divorce Decree and that as a result, the entry of the Divorce Decree was simply a "ministerial" act and thus, it is excepted from the automatic stay.

Ms. Graves does not cite any relevant authority for the proposition that a divorce decree dividing property is a "ministerial" act. As previously stated, it is the divorce decree that is the "decision adjudicating the parties' rights and liabilities." McClintock v. McClintock, 122 Nev. 842, 845 (Nev. 2006). Thus, the entry of a divorce decree is not merely a ministerial act.

In addition, Ms. Graves' argument has been rejected in connection with bankruptcy. In Musso v. Ostashko, 468 F.3d 99 (2d Cir. 2006), the sole issue before the Second Circuit Court of Appeals was as follows: "When marital assets have been awarded to the wife in a state court matrimonial proceeding, are those assets nevertheless part of the husband's bankruptcy estate if a Chapter 7 petition is filed after the state court's decision but before the state court judgment is entered?" Id. at 102.

In Ostashko, the bankruptcy court had ruled that the right to marital property under New York law did not arise until entry of a judgment awarding equitable distribution and thus, the property must be included in the estate. Id. On appeal, the district court reversed, holding that "the entry of the state court judgment is 'ministerial'" and thus, the rights in marital property "vested upon rendering of the state court's 'Decision After Inquest.'" Id.

The Second Circuit, however, vacated the district court's decision, stating:

> Four relevant premises require this result. First, under New York law an equitable distribution award is a remedy, and the enforcement of that remedy is no different than the enforcement of any other judgment. Second, New York adheres to the bright line rule that the priority of judgment creditors is determined on the basis of the order in which judgments are docketed or executed. Third, 11 U.S.C. § 544-the so-called "strong arm" provision of the Bankruptcy Code-gives the bankruptcy trustee the rights of a hypothetical perfected judgment lien creditor as of the petition date. Finally, while the Decision After Inquest determined the rights to the marital assets as between husband and wife, the decision did not purport to determine the rights to the assets as between Tanya Ostashko and all other judgment lien creditors. Based upon these considerations, and the undisputed fact that the matrimonial judgment was docketed after the filing of the Chapter 7

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

> petition, we hold that the marital assets are part of the bankruptcy estate and subject to distribution in due course by the bankruptcy court.

Id.

Although the Ostashko case pertains to New York law, its rationale is applicable, and the entry of the "Divorce Decree" cannot be deemed merely a ministerial act excepted from the automatic stay. As discussed herein, on the date of the Debtor's petition, all property of the Debtor including the interests of the Debtor and Ms. Graves in community property became property of the Debtor's bankruptcy estate. And, on the petition date, under 11 U.S.C. § 544, the Trustee acquired the status of a hypothetical judgment lien creditor against all of the Debtor's property which had not yet been divided, as the Divorce Decree had not been executed and filed. Further, while the parties may have agreed upon the division of property, such an agreement does not determine the rights to the assets between Ms. Graves and all judgment lien creditors until the entry of the Divorce Decree. See id. at 107, citing and quoting from In re Anjum, 288 B.R. 72, 76 (Bankr. S.D.N.Y. 2003)("courts have uniformly held that when a final judgment of divorce has not been entered at the time of the bankruptcy filing, the non-debtor spouse's rights may be no greater than that of a general unsecured creditor.") and In re Cole, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996)("If bankruptcy intervenes before the state court enters the [divorce] judgment, the trustee's status as a hypothetical lien creditor cuts off the non-debtor spouse's inchoate rights in marital property, and leaves her with a general unsecured claim." (internal citation omitted)).

**III. The Divorce Decree, To The Extent It Pertains To Those Matters Set Forth In § 362(b)(2)(A), Are Not Void**

The Debtor asserts that the Divorce Decree does not violate the automatic stay to the extent it dissolves the parties' marriage, establishes domestic support obligations, and establishes child custody and visitation because such proceedings are excepted from the stay under § 362(b)(2)(A). The Trustee agrees. The Trustee maintains, however, that the Divorce Decree is void to the extent it seeks to divide property of the Debtor or community property, which attempt is expressly not excepted from the automatic stay under § 362(b)(2)(A)(iv).

/ / /

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**IV. The Stay Should Not Be Annulled Retroactively To Validate The Divorce Decree With Respect To Property Division**

The automatic stay should not be annulled retroactively in the circumstances of this case. The Ninth Circuit has stated:

> Despite the importance of the automatic stay as a vital protection of the bankruptcy debtor, *see In re Schwartz,* 954 F.2d 569, 571 (9th Cir.1992), 11 U.S.C. § 362(d)(1) allows a bankruptcy court to grant relief from the automatic stay "for cause." Such relief may include "terminating, annulling, modifying, or conditioning such stay." *Id.* § 362(d). Thus, as we have previously noted, "section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *Schwartz,* 954 F.2d at 572 (citing 2 *Collier on Bankruptcy,* § 362.07 (15th ed. 1984)). Retroactive annulment, however, should be "applied only in extreme circumstances." *In re Shamblin,* 890 F.2d 123, 126 (9th Cir.1989).

Mataya v. Kissinger (In re Kissinger), 72 F.3d 107 (9th Cir. 1995). In Fjeldsted v. Lien (In re Lien), 293 B.R. 12, 15 (9th Cir. BAP 2003), cited by Ms. Graves, the Ninth Circuit Bankruptcy Appellate Panel states that "the proper standard for determining 'cause' to annul the automatic stay retroactively is a 'balancing of the equities' test" and extreme circumstances are not necessary. Id. (citation omitted; footnote omitted). The court in In re Lien sets forth several factors to aid the court in weighing the equities, which Ms. Graves addresses.

In considering these factors and the circumstances in which the stay should be annulled, the most significant factor in this case is the effect that retroactive annulment would have on creditors. After all:

> The estate created by section 541 is protected from the piecemeal reach of creditors by section 362, which imposes an automatic stay on all actions and proceedings that may affect the debtor's property. *See* 11 U.S.C. § 362. "It is this central aggregation of property that promotes the effectuation of the fundamental purposes of the Bankruptcy Code: the breathing room given to a debtor that attempts to make a fresh start, and the equality of distribution of assets among similarly situated creditors ...." 5 COLLIER ON BANKRUPTCY ¶ 541.01 (15th ed. Rev.2005).

Ostashko, 468 F.3d at 104. See also In re Hegel, 2000 WL 33712298 (Bankr. D. Idaho April 11, 2000)( court did not grant request to annul stay to validate postpetition application which created a lien on the debtor's property).

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

The effect on creditors of retroactive annulment of the stay to validate the Divorce Decree would be prejudicial and irreparable. The DO-KR interest has garnered significant interest from multiple parties, and an offer to purchase it has been made in the amount of $50,000.00. Thus, retroactive annulment would permit one of the Debtor's few assets of actual value, the DO-KR interest, to be transferred to Ms. Graves and the couple's minor daughter when this property should be liquidated for the benefit of all creditors. In fact, the DO-KR interest is one that Ms. Graves and the Graves Family Trust seemingly have a great desire to own. Ms. Graves has attempted to obtain this interest along with her family through assertions regarding the Divorce Decree and in connection with assertions that the Graves Family Trust has a security interest that was perfected by a UCC financing statement recorded within 90 days of the date of the Debtor's bankruptcy petition.

Annulment in this case would effectively undermine the provisions of § 541 and the policies of equitable distribution that underlie the bankruptcy code. Accordingly, retroactive annulment should not be permitted in this case and there certainly are no extreme circumstances warranting retroactive annulment.

**V. The Stay May Be Terminated To Permit The Divorce Decree As It Establishes Child Support, Alimony, And Attorney's Fees Obligations.**

Ms. Graves asserts that:

> In the event all other relief requested herein is denied, the Court should terminate or modify the automatic stay "for cause" prospectively to allow the parties to return to Family Court and proceed with re-finalizing their Decree. Additionally, the Court should also terminate, modify or grant Ms. Graves relief from the automatic stay prospectively to the extent any further documents or other matters must be effectuated pursuant to the Decree. Finally, Ms. Graves should be permitted relief from any stay, to the extent one exists after entry of the discharge, in order to adjudicate and enforce the Dependent Credit issue, and to enforce the Child Support, Alimony, and Attorneys' Fee obligations form the Decree in the Family court or other court of appropriate jurisdiction.

Motion at p. 17. This request, for the most part, comes within § 362(b)(2)(A), and to the extent it does, the Trustee has not objection. However, to the extent that Ms. Graves seeks to "re-finalize" the Divorce Decree to seek a division of property, such request must be denied for all of the

reasons previously set forth herein.

**CONCLUSION**

Based upon the foregoing, the Trustee respectfully requests that this Court enter an order:

1) Granting the Motion to the extent it requests: a) relief from the automatic stay to allow entry of the Divorce Decree as it pertains to matters excepted from the automatic stay under § 362(b)(2)(A), and b) the stay to be terminated prospectively for matters excepted under the stay pursuant to § 362(b)(2)(A); and

2) Denying the Motion to the extent it requests that: a) the Divorce Decree be determined to be excepted from the automatic stay as a "ministerial" act, b) the automatic stay be retroactively annulled to validate the Divorce Decree, and c) the Divorce Decree to the extent it seeks to determine the division of property that is property of the estate, is not void.

DATED: June 13, 2013.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
*Attorneys for Shelley D. Krohn, Trustee*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122